

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2009

# Toth v. SEC

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3289

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Toth v. SEC" (2009). *2009 Decisions.* Paper 1579.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1579

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3289
_____

DOUGLAS TOTH,
                              Petitioner
                vs.

SECURITIES AND EXCHANGE COMMISSION,
                                    Respondent

_____

On Petition for Review of an Order
of the Securities and Exchange Commission
(No. 3-12739)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 2, 2009
Before:  SCIRICA, <u>Chief</u> <u>Judge</u>, CHAGARES and WEIS, <u>Circuit</u> <u>Judges.</u>

(Opinion Filed: April 6, 2009)

_____

OPINION
_____

PER CURIAM.

        Douglas Toth petitions for review of an order of the Securities and

Exchange Commission ("SEC") sustaining a disciplinary sanction imposed on him by the

National Association of Securities Dealers ("NASD").  We will deny the petition.

I.

Toth, a securities broker-dealer, was a representative of Bedminster Financial Group, Ltd. ("Bedminster"), an NASD member firm.[1]  NASD rules required Toth to register as a representative of Bedminster by filing a Form U-4.  Before joining Bedminster, Toth discussed what to include on his Form U-4 with Bedminster's majority owner, Robert Van Pelt, who then filed a Form U-4 on Toth's behalf.  Among other things, Form U-4 requires the representative to disclose whether he or she has been "named in any pending investment-related civil matter."  In response to that question, Toth's Form U-4 stated "no."

In fact, however, Toth had been named as a defendant in a civil securities fraud action brought by the New Jersey Bureau of Securities.  The NASD learned of this discrepancy in July 2004 as part of a routine examination of Bedminster.  The NASD began an investigation, and its enforcement division ultimately filed a disciplinary complaint against Toth in October 2005.  The complaint charged him with willfully causing the filing of a Form U-4 containing a misrepresentation of material fact in violation of NASD Membership Rule IM-1000-1 and Conduct Rule 2110.

---

[1]  The former NASD has been consolidated into an entity called the Financial Industry Regulatory Authority, Inc.  See Kashner Davidson Secs. Corp. v. Mscisz, 531 F.3d 68, 71 n.1 (1st Cir. 2008).  Because all relevant events occurred before that consolidation, we refer to the entity as the NASD.

An NASD Hearing Panel conducted a hearing in May 2006. At the hearing, Van Pelt testified that Toth never told him about the New Jersey action, but Toth and his witness, Nicholas Thompson, testified that they had. The Panel also received documentary evidence. On August 9, 2006, the Panel issued a thorough written decision sustaining the charge and suspending Toth's license for one year. In particular, the Panel found that: (1) Toth knew that he was required to disclose the New Jersey action on the Form U-4; (2) Toth discussed with Van Pelt what to include on the Form U-4 but failed to disclose the New Jersey action; and (3) Toth failed to review and sign the Form U-4 either before or after Van Pelt filed it despite Van Pelt's efforts to get him to do so. In essence, the Panel concluded that Van Pelt's testimony was supported by other evidence and was otherwise more credible than the testimony of Toth and Thompson.

Toth appealed to the NASD's National Adjudicatory Council, which affirmed in a thorough decision issued July 27, 2007. Toth then appealed to the SEC. The SEC, exercising its jurisdiction under 15 U.S.C. § 78s(d)(2), thoroughly reviewed the record and affirmed by decision issued July 1, 2008. The SEC deferred to the Hearing Panel's credibility determinations to the extent that they were based on the Panel's observation of the witnesses, but otherwise reviewed the record de novo and independently reached the same conclusions. Toth now petitions this Court for review.

II.

We have jurisdiction to review the SEC's decision pursuant to 15 U.S.C. §

3

78y(a)(1).  See Levine v. SEC, 407 F.3d 178, 182 (3d Cir. 2005).  On review, Toth does

not argue that the SEC committed any legal error and does not challenge the propriety of

the sanction imposed on him.  Instead, he challenges only the SEC's factual finding that

he did not tell Van Pelt about the New Jersey action.  We review that finding for

substantial evidence.  See id.  Under that standard, we must affirm if the finding is

supported by "'such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'"  Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005)

(citations omitted).  See also Dolphin and Bradbury, Inc. v. SEC, 512 F.3d 634, 639 (D.C.

Cir. 2008) ("The Commission's finding . . . is conclusive if, under our 'very deferential'

substantial evidence standard, 'a reasonable mind might accept the evidentiary record as

adequate to support the Commission's conclusion.'") (citations omitted).  In undertaking

this review, "we may not 'weigh the evidence or substitute our own conclusions for those

of the fact finder.'"  Rutherford, 399 F.3d at 552 (citation omitted).  Our review of the

record confirms that the SEC's ruling is supported by substantial evidence here.[2]

Toth's argument that the SEC should have found that he disclosed the New

Jersey action to Van Pelt is two-fold.  First, he argues that the SEC should have believed

him and Thompson instead of Van Pelt for a number of reasons.  The SEC, however,

---

[2]  Pursuant to Rule 17(b)(1)(B) of the Federal Rules of Appellate Procedure, the SEC
initially filed a certified list of the documents contained in the administrative record in
lieu of the record itself.  Although Toth does not dispute the SEC's account of the
witnesses' testimony and documentary evidence, we directed the SEC to file the actual
record and have reviewed it ourselves.

thoroughly addressed each of these points, and our review of the record confirms that its

conclusions are supported by substantial evidence for the reasons stated in its opinion.[3]

Second, Toth argues that, given the conflicting testimony regarding whether

or not he disclosed the New Jersey action to Van Pelt, the evidence against him was not

sufficiently compelling to support the SEC's conclusion. As the SEC argues, however,

the evidence on which the SEC relied need not be "compelling" to survive review.

Instead, it need only be substantial—i.e., evidence that "a reasonable mind might accept

as adequate to support a conclusion.'" Rutherford, 399 F.3d at 552. Our review of the

record confirms that Van Pelt's testimony, together with documentary evidence such as

---

[3] For example, Toth argues that Van Pelt's testimony about his efforts to have Toth review and sign the Form U-4 is called into question by Van Pelt's financial incentive to quickly register Toth. As the SEC explained, however, Van Pelt's testimony is supported by the parties' correspondence. Toth also argues that the SEC excused Van Pelt's mistaken recollection of the location of the meeting at which they discussed what to include on the Form U-4 but rejected his and Thompson's testimony for similar reasons. We agree with the SEC, however, that Van Pelt's isolated mistaken recollection is the kind of minor discrepancy that does not require the rejection of a witness's testimony. See Rutherford, 399 F.3d at 558. The SEC's reasons for rejecting Toth's and Thompson's testimony, on the other hand, were of a different order. Among other things, the SEC concluded that Thompson was impeached by his own failure to disclose his own involvement in the New Jersey action in a Form U-4, that neither Toth nor Thompson could recall the details regarding their alleged discussion of the New Jersey action with Van Pelt, and that the only documents Toth sent to Van Pelt regarding his employment disclosed certain arbitrations but not the New Jersey action. Toth also argues that it simply made no sense for him to fail to disclose the New Jersey action because he knew that the Form U-4 would be reviewed by the very agency that brought that action. Whatever Toth's motivations, however, the SEC concluded that he nevertheless failed to disclose that lawsuit, and its conclusion has more than adequate support in the record.

5

the correspondence between Toth and Van Pelt, was more than adequate to support the

SEC's ruling.  Accordingly, we will deny the petition for review.